UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHANIE FARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:19-cv-02035-DML-JRS |
| | ) |
| WAL-MART STORES EAST, LP, | ) |
| | ) |
| Defendant. | ) |

## Order on Defendant's Motion for Summary Judgment

Defendant Wal-Mart Stores East, LP seeks summary judgment on all claims by plaintiff Stephanie Farris, who fell in a grocery aisle at a Wal-Mart store owned and/or operated by the defendant. Because Ms. Farris has not satisfied her burden to demonstrate the existence of a genuine issue of material fact for trial, the court GRANTS the defendant's motion for summary judgment.[1]

### **Summary Judgment Standard**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if "there is sufficient evidence

---

[1] The parties consented to the magistrate judge conducting all proceedings and ordering the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* Dkt. 11.

favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The party moving for summary judgment bears the initial burdens of informing the district court of the basis for its motion and identifying the evidence it believes demonstrates the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The nonmovant may not rest on her pleadings. She must identify specific facts and affirmatively demonstrate for each element of her case on which she bears the burden of proof that there is a genuine issue for trial. *See id.* at 324; *Hemsworth v. Quotesmith.com., Inc.,* 476 F.3d 487, 490 (7th Cir. 2007).

The court construes the evidence, and draws all reasonable inferences from it, in the light most favorable to the nonmoving party. *Zerante v. DeLuca,* 555 F.3d 582, 584 (7th Cir. 2009).

## Analysis

**I.    The record establishes the following facts and reasonable inferences.**

The undisputed evidence on summary judgment, described in the light most favorable to Ms. Farris, is as follows.

Ms. Farris went grocery shopping at a Wal-Mart store located in Greenfield, Indiana, in the late morning on Sunday, November 25, 2018. (Deposition of Stephanie Farris, page 8, lines 10-14 (or 8:10-14)[2]; Customer Incident Report, Dkt. 31-2). She pushed a "standard-sized" grocery cart and while shopping in the aisle

---

[2]    The transcript of Ms. Farris's deposition appears in part at Dkt. 29-1 and in part at Dkt. 31-1.

for rice products and then moving along, she slipped and fell onto her right knee. (*Id.,* 42:1-14). After falling, Ms. Farris noticed a yellow-colored substance, akin to Velveeta Cheese (*id.*, 42:17-21; 51:3-8), through which her left footwear had slipped and smeared through the substance (*id.*, 42:1-14). Ms. Farris had not seen the substance (about 2x3 inches in dimension) before her fall, and she does not know how it got there or how long it had been there. (*Id.,* 49:6-13; 50:16-18, 52:25 to 53:8). While she was in the rice aisle, Ms. Farris had not seen any Wal-Mart employee cleaning in that aisle (*id.* 49:1-5), and during her shopping, she had not seen any Wal-Mart employee doing other cleaning. (*Id.,* 49:1-5). There is no evidence about how long Ms. Farris had been in the rice aisle or other areas of the store. Ms. Farris does not know if, before her fall, (1) anyone had reported to a Wal-Mart employee that the yellowy substance was in the rice aisle (*id.*, 53:25 to 54:3), (2) any Wal-Mart employee knew the substance was on the floor in the aisle (*id.,* 53:9-12), or (3) any Wal-Mart employee had walked through, cleaned, or inspected the aisle and if so, when (*id.,* 53:16-18; 53:22-24).

After her fall, Ms. Farris went to the front of the store to report the substance being on the floor and her fall. (*Id.*, 52:21-24). A one-page "Customer Incident Report" signed by Ms. Farris and a Wal-Mart employee on November 25, the date of the fall, states that Ms. Farris reported her fall around 1:05 p.m. and stated she had been looking at different rice products, her left leg slipped on something, and she fell on her right knee. (Dkt. 31-2). The Customer Incident Report states in the

3

section asking for the "name of associate the incident was reported to and/or other associates in the area": "Lori Warren, Brandi Zimmerman."

Brandi Zimmerman, an assistant manager at the Wal-Mart store who worked on November 25, has testified by affidavit (Dkt. 29-2) that she was not notified before Ms. Farris's fall of any potential hazard on the floor in the area where Ms. Farris fell and knows of no other employee who had any knowledge of a hazard. (*Id.,* ¶ 4). Ms. Zimmerman also attests that as part of Wal-Mart's specific policies and procedures to discover and address potential slipping or tripping hazards at the store's premises, employees regularly "zone" areas of the store by walking through the store, picking up any items on the floor and other misplaced items and returning them to proper places, and arranging for the clean up of any "spills, debris, and slip and trip hazards." (*Id.* ¶ 6). Ms. Zimmerman states that, in fact, she had "conducted a visual inspection [of] the rice aisle approximately five (5) to ten (10) minutes prior to being notified that Plaintiff had fallen" and "[d]uring [her] visual inspection of the rice aisle shortly preceding Plaintiff's incident, [she] did not observe any slip or trip hazards on the floor." *Id.*, ¶¶ 8-9.

The court now applies the governing substantive law to the undisputed facts and the reasonable inferences that arise from them.

4

**II.    Ms. Farris lacks evidence that would permit a reasonable jury to find she has established the necessary elements of her negligence claim.**

The court is exercising diversity jurisdiction and therefore applies state substantive law; in this case, the law of Indiana applies. *Goesel v. Boley Inter'l (H.K.) Ltd.,* 806 F.3d 414, 419 (7th Cir. 2015).

Ms. Farris's claim against Wal-Mart sounds in negligence and thus requires her to prove that Wal-Mart owed her a duty and breached that duty, resulting in damages. *Rhodes v. Wright,* 805 N.E.2d 382, 385 (Ind. 2004). The parties do not dispute that because Ms. Farris was an invitee on Wal-Mart's premises, Wal-Mart had a duty to exercise reasonable care for her protection. *Burrell v. Meads,* 569 N.E.2d 637, 639-40 (Ind. 1991) (describing duties owed by landowner).

Indiana has borrowed from, and adopted, Section 343 of the Restatement (Second) of Torts to supply the features of that duty. A landowner is liable for personal injuries suffered by its invitee because of a condition on the land "if, but only if," the landowner:

>   (a)    knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
>
>   (b)    should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
>
>   (c)    fails to exercise reasonable care to protect them against the danger.

*Burrell,* 569 N.E.2d at 639-40 (quoting Restatement (Second) of Torts § 343 (1965), and stating it provides the "best definition" of the landowner's duty to its invitee); *Rogers v. Martin,* 63 N.E.3d 316, 322-23 (Ind. 2016) (confirming that when an injury

is caused by a condition on the land, "the three elements described in Restatement (Second) of Torts section 343 accurately describe the landowner-invitee duty").

Wal-Mart contends that there is no evidence from which a reasonable inference can be drawn that it knew or should have known of the dangerous condition—the yellowish substance on the floor—that caused Ms. Farris's fall. The court must agree. First, there is no evidence that anyone associated with Wal-Mart actually knew that the yellow substance was on the floor before Ms. Farris's fall. Ms. Farris thus must identify some evidence sufficient for a reasonable jury to find that Wal-Mart had constructive knowledge of the existence of the yellow substance. She has no such evidence, or reasonable inferences from evidence, from which a jury could find that Wal-Mart had constructive knowledge. Wal-Mart can be deemed to have had constructive knowledge only if there is evidence that (a) its own employee created the hazard or (b) the yellow substance had been on the floor "for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if [Wal-Mart, its agents, or employees] had used ordinary care." *See Wal-Mart Stores, Inc. v. Blaylock,* 591 N.E.2d 624, 628 (Ind. Ct. App. 1992) (quoting *F.W. Woolworth Co. v. Jones,* 130 N.E.2d 672, 673 (Ind. Ct. App. 1955)).

Ms. Zimmerman testified by affidavit that she had inspected the rice aisle within about 10 minutes before Ms. Farris's fall and found no hazard on the floor. Indiana courts have determined that unrefuted evidence to that effect demonstrates as a matter of law a lack of constructive knowledge. *See Schulz v. Kroger Co.,* 963 N.E.2d 1141, 1145 (Ind. Ct. App. 2012) (when area of fall at retail store had been inspected within 10

minutes before the fall and no hazard was found, no jury could find the retailer had constructive knowledge of condition that later caused the fall); *Williams v. Meijer, Inc.,* 2013 WL 3146981 at *2 (S.D. Ind. June 18, 2013) (same, where retailer had inspected area about 7-12 minutes before the plaintiff's fall). *See also Austin v. Walgreen Co.,* 885 F.3d 1085, 1089 (7th Cir. 2018) (applying Indiana law) ("Without evidence that [the store owner] had a chance to respond to any hazard, [the plaintiff] cannot establish knowledge"; reliance on speculation to suggest that a hazard existed long enough for the store owner to have addressed it will not defeat summary judgment.)

     Ms. Farris contends that Wal-Mart is not entitled to summary judgment because a jury may decide to disbelieve Ms. Zimmerman. But a bare contention that an affiant may be lying or mistaken is not enough to defeat summary judgment. Instead, Ms. Farris must point to some evidence on which a jury could ground a decision that Ms. Zimmerman is mistaken or not telling the truth—something that could cast doubt that Ms. Zimmerman's testimony is correct. *See Boyd v. Wexler,* 275 F.3d 642, 645-46 (7th Cir. 2001) (evidence, circumstantial or otherwise, must exist to create issue of witness's credibility). But there's no such evidence here; nothing about how Ms. Zimmerman recalled she had been in the rice aisle 5-10 minutes before Ms. Farris's fall makes her memory suspect. There is no evidence about, for example, whether Ms. Zimmerman followed any particular protocols in recording her inspections of parts of the store and whether she followed those protocols the day of Ms. Farris's fall, or whether she had made some contemporaneous note or oral report of the fact that she had inspected that very aisle.

7

The only evidence Ms. Farris points to—that Ms. Farris did not see a cleaning person in the rice aisle and the incident report does not reflect Ms. Zimmerman's inspection—does not at all detract from Ms. Zimmerman's testimony.  First, although Ms. Farris did not see anyone cleaning in the rice aisle, Ms. Zimmerman's testimony is not about having cleaned the rice aisle, and there is no evidence Ms. Farris had made her way into the rice aisle before Ms. Zimmerman had inspected it—about 5-10 minutes before Ms. Farris's fall.  Second, the incident report does not document any investigation by the store but only Ms. Farris's report of what happened to her.  Other than the incident report, there is no evidence on summary judgment about what Wal-Mart employees or agents did or did not do to investigate or record information about Ms. Farris's fall.

> It is simply not enough to rely only on an assertion that an affiant is lying:
>
> > Criticizing the credibility of the movant's affiants, alone, is not enough to avoid summary judgment.  '[W]hen challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper.'

*Waldon v. Wal-Mart Stores, Inc.,* 943 F.3d 818, 823 (7th Cir. 2019) (quoting *Springer v. Durflinger,* 518 F.3d 479, 484 (7th Cir. 2008) (emphasis in original)).

Because of the lack of evidence sufficient for a reasonable jury to determine that Wal-Mart knew or should have known of the existence of the yellow substance on the floor in the rice aisle in sufficient time for it to remove the hazard, Wal-Mart is entitled to summary judgment.

## **Conclusion**

For the foregoing reasons, the court GRANTS Wal-Mart's motion (Dkt. 80) for summary judgment. Final judgment will issue.

So ORDERED.

Dated:  August 3, 2020

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system